#1552651                                                                    1030-20673

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANCE BRYANT** | **CIVIL ACTION NO. 3:20-cv-00576** |
| **VERSUS** | |
| | **DISTRICT JUDGE** |
| **REC MARINE LOGISTICS, LLC; AND REC BOATS, LLC** | **JOHN W. DEGRAVELLES** |
| | **MAGISTRATE JUDGE** |
| | **RICHARD L. BOURGEOIS** |

## REC MARINE LOGISTICS, LLC AND REC BOATS, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come defendants, REC Marine Logistics, LLC ("REC Marine") and REC Boats, LLC ("REC Boats") (hereinafter sometimes collectively referred to as "defendants"), which hereby file this Answer to the Original Complaint filed by the plaintiff, Lance Bryant, (hereinafter sometimes referred to as "plaintiff"), and respectfully aver as follows:

### FIRST DEFENSE

The Original Complaint fails to state a claim, cause, or right of action against defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants deny that the Court can exercise jurisdiction over them under the circumstances of this case.

**THIRD DEFENSE**

REC Marine and REC Boats deny that venue is proper in the U.S. District Court for the Middle District of Louisiana, and hereby object to same. Neither the plaintiff nor the defendants are domiciled in the Middle District of Louisiana. Furthermore, neither REC Marine nor REC Boats maintains an office or conducts business in the Middle District of Louisiana. The plaintiff and both defendants are domiciled in the Eastern District of Louisiana. Defendants also contend that all documents in their possession pertaining to plaintiff's alleged accident are maintained in the Eastern District of Louisiana. For these reasons, as well as others, venue is not appropriate in this Court pursuant to 28 U.S.C. § 1391.

**FOURTH DEFENSE**

The U.S. District Court for the Middle District of Louisiana is also not a convenient forum.

**FIFTH DEFENSE**

Defendants aver that plaintiff's claims are barred by the applicable statute of limitations and/or prescription and/or laches.

**SIXTH DEFENSE**

AND NOW, in response to the specific allegations of plaintiff's Original Complaint, defendants aver as follows:

1.

Upon information and belief, it is admitted that plaintiff is a U.S. citizen and a resident of Terrebonne Parish, Louisiana.

2.

It is admitted that REC Marine is a Louisiana limited liability company with its principal place of business in Raceland, Louisiana, and can be served with process through its registered agent Ronald Chaddock at 4535 Highway 308, Raceland, Louisiana 70394. The remainder of the allegations contained in paragraph 1.2 of the Original Complaint are denied. REC Marine specifically denies that it does business in the Middle District of Louisiana.

3.

It is admitted that REC Boats, LLC is a Louisiana limited liability company, and can be served with process through its registered agent Ronald Chaddock at 110 Lac Felicity Drive, Luling, Louisiana 70070. The remainder of the allegations contained in paragraph 1.3 of the Original Complaint are denied. REC Boats specifically denies that it does business in the Middle District of Louisiana.

4.

The allegations contained in paragraph 2.1 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph 3.1 of the Original Complaint are denied.

6.

It is admitted that, at all pertinent times, REC Boats was the owner and REC Marine was the operator of the M/V DOMINIC S. It is denied that plaintiff sustained any injury on the M/V DOMINIC S.

7.

It is admitted that on February 2, 2020, plaintiff was employed by REC Marine as a deckhand on the M/V DOMINIC S.

8.

The allegations contained in paragraph 4.3 of the Original Complaint are denied.

9.

The allegations contained in paragraph 4.4 of the Original Complaint, including all subparts, are denied.

10.

The allegations contained in paragraph 5.1 of the Original Complaint are denied.

11.

The allegations contained in Paragraph 6.1 of the Original Complaint are denied.

12.

The allegations contained in paragraph 7.1 of the Original Complaint are denied.

13.

The allegations contained in paragraph 8.1 of the Original Complaint, including all subparts, are denied.

**SEVENTH DEFENSE**

Defendants deny the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Original Complaint which have not heretofore been addressed.

**EIGHTH DEFENSE**

Defendants aver that they were in no way responsible for the alleged incident in question;

they were not negligent.

## NINTH DEFENSE

The M/V DOMINIC S was at all pertinent times seaworthy and fit for the service in which it was engaged.

## TENTH DEFENSE

Plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence and/or inattention to duty or from the fault, negligence, and/or inattention of others for whom defendants are not responsible.

## ELEVENTH DEFENSE

In the alternative, defendants plead the contributory negligence of plaintiff in bar of or in diminution of any recovery.

## TWELFTH DEFENSE

Further in the alternative, defendants aver that plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## THIRTEENTH DEFENSE

Defendants further aver that if plaintiff sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation, which were voluntarily assumed by the plaintiff and for which defendants are in no way responsible.

## FOURTEENTH DEFENSE

If the plaintiff sustained any illness or injury, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom defendants are in no way responsible.

**FIFTEENTH DEFENSE**

Without waiving the above and foregoing, and further answering if same be necessary, defendants aver that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which was neither caused nor aggravated by any act or omission of defendants, thus barring or mitigating any recovery by plaintiff herein.

**SIXTEENTH DEFENSE**

Further answering the plaintiff's Original Complaint, and as a separate and distinct defense, defendants allege that if plaintiff has sustained any injury or illness, which is specifically denied, such injury or illness existed before the time of his alleged accident, and that he knew or should have known he was physically unfit and unable for the duties which he undertook to perform, all of which were not made known to defendants and for which defendants are not responsible.

**SEVENTEENTH DEFENSE**

Defendants would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which defendants had no control or authority.

**EIGHTEENTH DEFENSE**

Defendants plead that any negligence for which they are allegedly responsible, which is denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**NINETEENTH DEFENSE**

Defendants allege that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**TWENTIETH DEFENSE**

While denying any liability to plaintiff whatsoever, defendants further aver that any injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third party or parties over whom defendants exercised no control or supervision and for whom defendants have no responsibility or liability, such party or parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendants, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third party or parties.

**TWENTY-FIRST DEFENSE**

Defendants aver that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendants, or any other person, party, or entity for which defendants would be responsible, were not responsible.

**TWENTY-SECOND DEFENSE**

In the further alternative, defendants specifically allege and aver that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an act of God, or *force majeure* or other circumstances beyond defendants' control or responsibility and were not proximately caused by any acts or omissions on the part of defendants or any other person, party or entity for whom they would be responsible

**TWENTY-THIRD DEFENSE**

While at all times denying any negligence or fault, defendants aver that any claim for punitive damages based on the alleged unseaworthiness of a vessel is barred by the U.S. Supreme Court's decision in *Dutra Group v. Batterton*.

**TWENTY-FOURTH DEFENSE**

More generally, as an alleged Jones Act seaman, plaintiff is not entitled to recover non-pecuniary damages, including punitive damages.

**TWENTY-FIFTH DEFENSE**

Defendants aver that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWENTY-SIXTH DEFENSE**

Defendants plead the benefits and protections of the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.,* should they be held liable unto plaintiff in any regard, which is specifically denied.

**TWENTY-SEVENTH DEFENSE**

Defendants reserve the right to supplement, amend, or modify their affirmative defenses and Answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE**, REC Marine Logistics, LLC and REC Boats, LLC pray that this, their Answer, be deemed good and sufficient and that after due proceedings are had, that this Court dismiss this case due to improper venue, or alternatively that this court issue judgment in defendants' favor and against plaintiff, dismissing plaintiff's Original Complaint at his cost, and that REC Marine Logistics, LLC and REC Boats, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

**/s/ *Kyle A. Khoury***
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC**
1100 Poydras Street, Suite 2250

New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND REC BOATS, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of November, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Kyle A. Khoury*